UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SADIRI U. DE LA CRUZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 13 C 1215 |
| v. | ) |
| | ) Judge George M. Marovich |
| PATRICK R. DONAHOE, | ) |
| Postmaster General of the | ) |
| United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sadiri U. De La Cruz ("De La Cruz") filed suit against Patrick R. Donahoe, Postmaster General of the United States Postal Service. De La Cruz alleges that he was discriminated against on the basis of his race and national origin (in violation of Title VII of the Civil Rights Act of 1964) and that he was discriminated against on the basis of his disability in violation of the Rehabilitation Act. Defendant has filed a motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion for summary judgment.

**I.    Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir.

2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts are undisputed unless otherwise noted.

When he retired on January 31, 2013, plaintiff De La Cruz (who is Filipino) had been working for the U.S. Postal Service for more than 27 years. This lawsuit arises out of requests De La Cruz made in early 2012 for light duty work after he had surgery on his toe.

Prior to his surgery, De La Cruz's duties at the post office included: accepting and processing passports, taking passport photos, preparing stamps for mail orders, accepting letters and parcels for mailing, walking the lobby to assist customers, assisting customers picking up mail and parcels, inputting mail holds for customers, answering telephones and sweeping the lobby. His title was "sales, service/distribution associate."

In November 2011, De La Cruz underwent hemi-implant arthroplasty, which is to say he had surgery on one of his toes. The surgery and recovery therefrom kept De La Cruz out of work during November, December and most of January 2012.

On January 21, 2012, De La Cruz contacted his supervisor, Stanley Stanczuk, to inform Stanczuk that he was ready to return to work. De La Cruz also informed Stanczuk of his work restrictions. A doctor had provided a note which stated that De La Cruz could return to work on January 30, 2012 with the following restrictions: "light duty with no standing more than 2 hours at a time . . . [a]lso no pushing or lifting greater than 5 lbs." The doctor stated that De La Cruz should be reevaluated in six weeks.

De La Cruz returned to work on January 28, 2012. He was assigned to perform the duties of a window clerk. De La Cruz was provided a chair so that he would not have to stand more

than two hours at a time.  Stanczuk instructed De La Cruz not to lift anything heavy and to ask for help if he needed it.  For three weeks (until February 21, 2012), De La Cruz continued to work as a window clerk.  He also worked overtime during this time period.

During this time period, De La Cruz did not work with customers who requested passports, because he had not been recertified to do so.  Employees working on passports must be recertified periodically (how often is not made clear in the record).  Although De La Cruz possessed the necessary knowledge (he had scored 100% on the Passport Examination of Passport Agents), he had been on leave when the other employees were recertified.  Recertification is apparently easy to obtain:  one need only sign a form and mail it in.  It is unclear why defendant did not send De La Cruz the form while he was on leave, and it is unclear why De La Cruz did not take it upon himself to sign the form when he returned.  In any case, he remained uncertified.

Other employees who were certified to process passports continued to do so during this time period.  The Glenview post office at which De La Cruz worked had an office (separate from the regular customer windows) for processing passports.  During the time period relevant to this case, due to budget cuts, the defendant did not staff the passport office with an employee dedicated solely to passports.  Instead, when a customer needed passport services, an employee would move from the regular customer window to the passport office in order to handle that customer's passport issue.

On February 21, 2012, De La Cruz called in sick due to back, knee and toe pain.  De La Cruz obtained medical orders not to work, so he went on leave.  During this time, he continued to drive himself to appointments and to do some work (such as helping with cooking and washing dishes) around his house.

By April 13, 2012, De La Cruz was cleared by his doctor for work. His restrictions allowed him to work up to six hours per day, but he could do no lifting, no crawling, no climbing, no prolonged standing and no repetitive pushing, pulling, twisting or bending. De La Cruz sent the work clearance to Stanczuk and notified Stanczuk that he could return on April 19. Stanczuk discussed the matter with the postmaster, Alonzo Young ("Young"). They concluded that, given De La Cruz's restrictions from lifting, twisting and bending, they did not have work for De La Cruz within his restriction.

On April 17, 2012, Stanczuk informed De La Cruz, by letter, that the Glenview post office had no productive operational job duties available within his medical restrictions. Stanczuk also asked De La Cruz to inform him when his condition changed, so that the post office could reevaluate whether it had work for him. De La Cruz wrote back on April 19, 2012, stating that he thought he should be allowed to return. On April 20, 2012, De La Cruz sent an updated work clearance that stated he could lift up to ten pounds. The new clearance did not lift the restrictions on twisting and bending.

On May 18, 2012, De La Cruz submitted a duty status report that his doctors had prepared. At that point, De La Cruz was cleared to work eight hours per day, with continuous lifting up to 25 pounds and occasional lifting of up to 40 pounds. De La Cruz returned to work on May 23, 2012. He performed the duties of a window clerk but not the duties of a distribution clerk.

De La Cruz compares himself to other postal workers. Four postal employees, Sun Yoon, Duck Kim, Cathy Rates and Wayne Carl were not denied light duty work. None is Filipino. During the period of time (late April and early May 2012) in which De La Cruz was not working, the duties he would have liked to have been doing were being done by two employees of Indian descent. Specifically, Chandy Thomas handled passport work and Joy

Abraham handled change of address notices, mail forwarding and vacation holds. Neither had any medical restrictions.

## II. Summary Judgment Standard

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. Discussion

### A. De La Cruz's claims for race and national-origin discrimination

In Counts I and II, De La Cruz claims that defendant discriminated against him on the basis of his national origin and race, respectively, when he requested light duty work on January 28 and April 19, 2012. Defendant moves for summary judgment on both of these claims.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

Defendant argues that its response to plaintiff's January 2012 request for light duty work was not actionable discrimination, because it was not a material, adverse action. It is undisputed that, when plaintiff requested light duty work within his restrictions in January 2012, defendant provided him the light duty work. Granting his request for light duty work does not constitute a material, adverse action. To be actionable as discrimination under Title VII, a difference in treatment must be material. *Minor v. Centorcor, Inc.*, 457 F.3d 632, 634 (7th Cir. 2006). "[M]any day-to-day travails and disappointments that, although frustrating, are not so central to the employment relation that they amount to discriminatory terms or conditions" are not actionable. *Minor*, 457 F.3d at 634. De La Cruz has not put forth any evidence (such as evidence that his salary or wage was reduced) from which a reasonable jury could conclude that this was a material, adverse action. Defendant is entitled to summary judgment as to that portion of plaintiff's claims.

Next, the Court considers De La Cruz's claims that defendant discriminated against him on the basis of his race and national origin when it denied his request for light duty work in April 2012. The Court finds no direct or circumstantial evidence in the record that the April denial was due to plaintiff's race or national origin, so De La Cruz must proceed using the indirect method of proof. To make out a *prima facie* case of race or national-origin discrimination, a plaintiff must put forth evidence that: (1) he is a member of a protected class; (2) he was meeting the employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) a similarly-situated employee not in his protected class was treated more favorably. *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 979 (7th Cir. 2014). The "burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Comm. Affairs v. Burdine*, 450

U.S. 248, 253 (1981). It requires a plaintiff to show that he was "rejected under circumstances which give rise to an inference of unlawful discrimination," and the "standard is not inflexible" because facts vary in different cases. *Burdine*, 450 U.S. at 253 and n.6. If plaintiff makes out a *prima facie* case of discrimination, defendant has the light burden of *articulating* a legitimate, non-discriminatory reason for the adverse action. *Alexander*, 739 F.3d at 979. If defendant does so, plaintiff has the burden to show that the proffered reason was just a pretext for discrimination. *Id.* A pretext is a dishonest explanation, rather than an error. *See Bodenstab v. County of Cook*, 569 F.3d 651, 657 (7th Cir. 2009).

Defendant argues that plaintiff cannot make out a *prima facie* case of race or national-origin discrimination, and the Court agrees. In an effort to make out a *prima facie* case, plaintiff points to fellow employees he believes were treated more favorably. Plaintiff points to two employees outside of his protected class, Thomas and Abraham, who performed the tasks he thought he should perform as light duty. Plaintiff also points to four employees outside of his protected class--Yoon, Kim, Rates and Carl--who were given light duty work at other times. What plaintiff fails to provide, however, is any evidence that suggests these employees were *similarly situated* to De La Cruz. It is undisputed that Thomas and Abraham had no medical restrictions, and De La Cruz has put forth no evidence of what, if any, medical restrictions Yoon, Kim, Rates and Carl had. Without such evidence, plaintiff cannot make out a *prima facie* case, because plaintiff's evidence does not create an inference that the reason for the difference in treatment was race or national-origin discrimination. Rather, the inference is that the difference was due to De La Cruz's medical restrictions, and that does not violate Title VII. Evidence of a similarly-situated individual is an essential element of the *prima facie* case, and, without it,

defendant is entitled to judgment as a matter of law on a plaintiff's discrimination claim. *Kriescher v. Fox Hills Golf Resort & Conf. Ctr.*, 384 F.3d 912, 915 (7th Cir. 2004).

Because De La Cruz cannot make out a *prima facie* case of race or national-origin discrimination, defendant is entitled to judgment as a matter of law on Counts I and II. Defendant is granted summary judgment on Counts I and II.

**B.     De La Cruz's Rehabilitation Act claim**

In Count III, De La Cruz claims that he was discriminated against in violation of the Rehabilitation Act, which incorporates the standards of the Americans with Disabilities Act. 29 U.S.C. §794(d). Defendant moves for summary judgment on Count III.

The Americans with Disabilities Act makes it unlawful to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Included in the definition of discrimination under the ADA is "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(5)(A). De La Cruz claims that defendant violated the Rehabilitation Act in two respects: (1) by discriminating against him on the basis of his alleged disability when it denied his request for light duty in April 2012; and (2) by failing to provide a reasonable accommodation.

To prevail on either theory, plaintiff must put forth sufficient evidence from which a reasonable jury could conclude that he was a qualified individual with a disability. The ADA defines a "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of the job are essential." 42 U.S.C. § 12111(8). Defendant argues that plaintiff was not a qualified individual with a disability, because no accommodation existed that would have allowed him to perform the essential functions of his job in April 2012. Plaintiff does not respond to this argument directly. He does not, for example, say what reasonable accommodation would have allowed him to perform the essential functions of his job. The closest he comes is to argue that he should have been allowed to sit in the passport office all day, but that argument has a number of flaws. First, it is undisputed that De La Cruz was not certified to do passport work during the relevant time period. Second, it is undisputed that the passport office was not staffed with a dedicated passport employee during the relevant time period. Instead, employees moved to the passport office to handle passport services *only* when a customer needed passport services. The defendant was under no obligation to create a position for De La Cruz. *Gile v. United Airlines, Inc.*, 213 F.3d 365, 374 (7th Cir. 2000).

Because De La Cruz has failed to put forth sufficient evidence from which a reasonable jury could conclude that he is a qualified individual with a disability, his claim under the Rehabilitation Act fails. Defendant is entitled to judgment as a matter of law on Count III.

The Court grants defendant summary judgment on plaintiff's claims and grants its motion for summary judgment.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court grants defendant's motion for summary judgment. Case closed.

ENTER:

*George M. Marovich*
George M. Marovich
United States District Judge

DATED: August 11, 2014